IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EVERYTOWN FOR GUN SAFETY SUPPORT FUND, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 19-3103 (CKK) |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

## ANSWER AND DEFENSES

Defendant the United States Department of Justice ("DOJ") hereby answers the claims brought under the Freedom of Information Act ("FOIA") by Plaintiff Everytown for Gun Safety Support Fund as follows:

### FIRST DEFENSE

Defendant reserves the right to amend this Answer to assert any other matter that constitutes an avoidance or affirmative defense under Federal Rule of Civil Procedure 8(c).

### SECOND DEFENSE

Any relief is limited to that provided for in 5 U.S.C. § 552(a)(4)(B).

## THIRD DEFENSE

Plaintiff is not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to FOIA, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

## FOURTH DEFENSE

As to some or all of the claims asserted in this action, Plaintiff has failed to state a claim upon which relief may be granted under FOIA.

## FIFTH DEFENSE

Plaintiff is not entitled to attorneys' fees or costs.

## SIXTH DEFENSE

Defendant has conducted adequate searches in response to the underlying requests under FOIA, 5 U.S.C. § 552, as amended, or otherwise is in the process of completing searches and releases of non-exempt, responsive records, or segregable portions thereof. Defendant further avers that some or all of the requested records may be exempt, in full or in part, from release under FOIA exemptions.

## DEFENDANT'S RESPONSES TO NUMBERED PARAGRAPHS[1]

Defendant denies each and every allegation contained in the Complaint except as may have been expressly admitted herein. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

1. The allegations in Paragraph 1 constitute Plaintiff's characterization of its case and the nature of the action and contains conclusions of law to which no response is required.

2. Admit that the Office of Information Policy ("OIP"), the DOJ component that handles the FOIA administration on behalf of, among others, the Offices of the Attorney General ("OAG"), Deputy Attorney General ("ODAG"), Legislative Affairs ("OLA"), Legal Policy ("OLP"), and Public Affairs ("PAO"), received two sets of FOIA requests from Plaintiff. Defendant avers that the requests speak for themselves and respectfully refers the Court to the requests for a full and accurate statement of their contents.

3. The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

4. Admit that Plaintiff indicated in a December 14, 2018, letter to OIP, through Plaintiff's counsel, that it would be willing to discuss narrowing its FOIA requests by limiting the

---

[1] Merely for ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

list of custodians to be searched, limiting the use of search terms, limiting the timeframe of the requests, or accepting rolling productions. Defendant further admits that by e-mail correspondence on April 23, 2019, Defendant advised that e-mail searches had been completed for Plaintiff's FOIA requests. Defendant respectfully refers the Court to Plaintiff's December 14, 2018, letter and Defendant's April 23, 2019, e-mail for full and accurate statements of their contents.

5. Admit that Defendant has not yet provided a final response or produced any records in response to Plaintiff's FOIA requests. Defendant further admits that an external search of the "lead" tracking numbers for Plaintiff's FOIA requests in FOIAonline lists the final disposition as "Undetermined." The remaining allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

6. The allegations in this paragraph consist of Plaintiff's characterization of its case, as well as conclusions of law to which no response is required.

7. The allegations in this paragraph consist of Plaintiff's request for relief to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to any relief requested.

**JURISDICTION AND VENUE**

8. This paragraph contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant admits only that this Court has jurisdiction subject to the limitations of FOIA. Defendant further avers that the statutes cited speak for themselves.

9. This paragraph contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant admits only that venue is proper in this judicial district. Defendant further avers that the statutes cited speak for themselves.

## PARITES

10. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 10.

11. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11.

12. Admit that DOJ is a federal agency. The remainder of this paragraph contains conclusions of law to which no response is required.

## FACTS

13. Admit that Defendant has not provided a final response or produced any records in response to Plaintiff's FOIA requests. The remaining allegations in this paragraph consist of Plaintiff's characterization of its case, as well as conclusions of law, to which no response is required. Defendant avers that Plaintiff's FOIA requests speak for themselves and respectfully refers the Court to the requests for a full and accurate statement of their contents.

14. Admit that OIP received four separate FOIA requests from Plaintiff, each dated April 16, 2018, seeking records of OAG, ODAG, OLA, and PAO, respectively. Defendant avers that the requests speak for themselves and respectfully refers the Court to the requests for a full and accurate statement of their contents.

15. The allegations in this paragraph consist of Plaintiff's characterization of its April 16, 2018, FOIA requests, to which no response is required. Defendant avers that the requests speak

for themselves and respectfully refers the Court to the requests for a full and accurate statement of their contents.

16. Admit that Defendant acknowledged receipt of Plaintiff's April 16, 2018, FOIA requests by letter dated May 14, 2018. Defendant avers that the May 14, 2018, letter speaks for itself and respectfully refers the Court to the letter for a full and accurate statement of its contents.

17. Admit that OIP received four separate FOIA requests from Plaintiff, each dated April 17, 2018, seeking records of OAG, OLP, PAO, and OLA, respectively. Defendant avers that the requests speak for themselves and respectfully refers the Court to the requests for a full and accurate statement of their contents. The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA requests, to which no response is required.

18. The allegations in this paragraph consist of Plaintiff's characterization of its April 17, 2018, FOIA requests, to which no response is required. Defendant avers that the requests speak for themselves and respectfully refers the Court to the requests for a full and accurate statement of their contents. The remaining allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

19. The allegations in this paragraph consist of Plaintiff's characterization of its April 17, 2018, FOIA requests, to which no response is required. Defendant avers that the requests speak for themselves and respectfully refers the Court to the requests for a full and accurate description of their contents.

20. Admit that Defendant acknowledged receipt of Plaintiff's April 17, 2018, FOIA requests by letter dated May 16, 2018. Defendant avers that the May 16, 2018, letter speaks for itself and respectfully refers the Court to the letter for a full and accurate statement of its contents.

21. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in the first sentence of Paragraph 21. Admit that Plaintiff spoke with OIP's Chief of the Initial Request Staff and FOIA Public Liaison on November 8, 2018, during which Plaintiff was provided options for narrowing its requests, one option of which was to limit the search for responsive records to the electronic database of the Departmental Executive Secretariat. To the extent a further response is deemed necessary concerning allegations related to the Departmental Executive Secretariat, those allegations are denied.

22. Admit that by e-mail correspondence received on November 16, 2018, Plaintiff declined to narrow its requests to only searches of the electronic database of the Departmental Executive Secretariat. Defendant avers that the November 16, 2018, e-mail speaks for itself and respectfully refers the Court to the e-mail for a full and accurate statement of its contents.

23. Admit that DOJ communicated via e-mail with Plaintiff, sometimes through Plaintiff's counsel, on multiple occasions regarding its requests. The remaining allegations in this paragraph consist of conclusions of law to which no response is required.

24. Admit that Defendant received a letter, dated December 14, 2018, from Plaintiff's counsel. Defendant avers that the December 14, 2018, letter speaks for itself and respectfully refers the Court to the letter for a full and accurate statement of its contents.

25. Admit that Defendant sent an e-mail to Plaintiff's counsel on December 17, 2018. Defendant avers that the December 17, 2018, e-mail speaks for itself and respectfully refers the Court to the e-mail for a full and accurate statement of its contents.

26. Admit that OIP was closed for 35 days in December 2018 and January 2019 as a result of a lapse in appropriations.

27. Admit that Defendant received an e-mail from Plaintiff, through counsel, on February 8, 2019, attaching a letter dated the same date, which described parameters it requested OIP use to conduct searches in response to Plaintiff's requests. Defendant avers that the February 8, 2019, e-mail and letter speak for themselves and respectfully refers the Court to the e-mail and letter for a full and accurate statement of their contents.

28. Admit that Defendant sent an e-mail to Plaintiff's counsel on March 22, 2019. Defendant avers that the March 22, 2019, e-mail speaks for itself and respectfully refers the Court to the e-mail for a full and accurate statement of its contents.

29. Admit that Defendant received an e-mail from Plaintiff, through counsel, on March 27, 2019. Defendant avers that the March 27, 2019, e-mail speaks for itself and respectfully refers the Court to the e-mail for a full and accurate statement of its contents.

30. Admit that Defendant sent an e-mail to Plaintiff's counsel on April 23, 2019. Defendant avers that the April 23, 2019, e-mail speaks for itself and respectfully refers the Court to the e-mail for a full and accurate statement of its contents.

31. Admit that Defendant received an e-mail from Plaintiff on April 23, 2019. Defendant avers that the April 23, 2019, e-mail speaks for itself and respectfully refers the Court to the e-mail for a full and accurate statement of its contents.

32. Admit that Defendant received two e-mails dated May 15, 2019, and June 10, 2019, seeking to follow up on its April 23, 2019, correspondence. Defendant avers that the May 15, 2019, and June 10, 2019, e-mails speak for themselves and respectfully refers the Court to the e-mails for a full and accurate statement of their contents.

33. Admit that Defendant sent an e-mail to Plaintiff's counsel on June 11, 2019. Defendant avers that the June 11, 2019, e-mail speaks for itself and respectfully refers the Court to the e-mail for a full and accurate statement of its contents.

34. Admit that Defendant received an e-mail from Plaintiff on June 12, 2019. Defendant avers that the June 12, 2019, e-mail speaks for itself and respectfully refers the Court to the e-mail for a full and accurate statement of its contents.

35. Admit that Defendant sent automated e-mails to Plaintiff through FOIAonline administratively closing and consolidating all but the "lead" tracking numbers associated with Plaintiff's FOIA requests. Defendant avers that these e-mails speak for themselves and respectfully refers the Court to the e-mails for a full and accurate statement of their contents.

36. Admit that an external search of the "lead" tracking numbers for Plaintiff's FOIA requests in FOIAonline list the final disposition as "Undetermined."

37. Admit that Defendant has not provided a final response or produced any records in response to Plaintiff's FOIA requests.

38. The allegations in this paragraph consist of conclusions of law to which no response is required.

39. The allegations in this paragraph consist of Plaintiff's request for relief to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to any relief requested.

# CAUSE OF ACTION

## Violation of FOIA for Failure to Release Records Sought through the Requests

40. Defendant incorporates its responses to Paragraphs 1-39.

41. This paragraph contains conclusions of law to which no response is required.

42. This paragraph contains conclusions of law to which no response is required.

43. This paragraph contains conclusions of law to which no response is required.

The remainder of Plaintiff's Complaint contains Plaintiff's requested relief to which no response is required. To the extent that this paragraph may be deemed to contain factual allegations, they are denied.

Dated: December 9, 2019

Respectfully submitted,

JESSIE K. LIU, D.C. Bar No. 472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division

By: /s/ *Scott Leeson Sroka*
SCOTT LEESON SROKA, Member of New York Bar
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-7113
Email: Scott.Sroka@usdoj.gov

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of December, 2019, that service of the foregoing **Defendant's Answer** has been made on counsel of record through the Court's ECF system.

/s/ *Scott Leeson Sroka*
SCOTT LEESON SROKA
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Office: (202) 252-7113
Email: Scott.Sroka@usdoj.gov