UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EVERYTOWN FOR GUN SAFETY SUPPORT FUND,　　　　　　　)<br><br>　　　　　　　Plaintiff,　　　　　　　　　　　)<br><br>　　v.　　　　　　　　　　　　　　　　　　　　)<br><br>UNITED STATES DEPARTMENT OF JUSTICE,　　　　　　　　　　　　　　)<br><br>　　　　　　　Defendant.　　　　　　　　　　　) | Civil Action No. 19-3103 (CKK) |

## JOINT STATUS REPORT

Pursuant to the Court's Order of December 10, 2019, ECF No. 10, Plaintiff Everytown for Gun Safety Support Fund, and Defendant United States Department of Justice ("DOJ"), respectfully submit this Joint Status Report in this Freedom of Information Act ("FOIA") case.

This case involves Plaintiff's two April 2018 FOIA requests to DOJ's Office of Information Policy ("OIP"), the DOJ component that handles the FOIA administration for the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Legislative Affairs, Legal Policy, and Public Affairs.  One request seeks records pertaining to communications and meetings between the Executive Branch and the National Rifle Association, the National Rifle Association Institute for Legislative Action, or the National Shooting Sports Foundation.  The second request seeks records pertaining to certain gun violence reduction initiatives launched in 2015 and 2016, and related communications between DOJ officials and specified gun lobby organizations and gun industry members.  *See* ECF No. 1, Exs. A & C.

With respect to the first request, Defendant has informed Plaintiff that OIP has completed a search as agreed upon by the parties, and estimates that OIP's initial responsiveness review will

be completed by the end of February 2020.  Defendant anticipates making a response to Plaintiff by March 31, 2020.  However, depending on the volume of records deemed initially responsive to the first request, Defendant anticipates providing a final response to the first request by April 30, 2020.

In addition, Defendant has identified records that it recently produced in a related matter that may overlap to some extent with the subject matter of Plaintiff's first request, and that likely are of interest to Plaintiff.  As a courtesy, Defendant produced these records to Plaintiff on February 14, 2020.  Plaintiff has no position yet on whether or not these additional documents are responsive to its requests or are even of interest to Plaintiff, as Plaintiff has not had an opportunity to review them.

As for the second request, Defendant has informed Plaintiff that OIP completed a search as agreed upon by the parties in April 2019, which resulted in over 21,700 documents (consisting of individual emails, computer files, and calendar items) and more than 59,300 items (documents plus attachments to emails).  The parties' April 2019 scoping agreement will reduce the number of records requiring initial responsiveness review, but it is OIP's position that a substantially large volume of material will still require review.  OIP will turn its attention to the initial responsiveness review and de-duplication for the second request as soon as its review for the first request is complete.  OIP will turn its attention to the initial responsiveness review and de-duplication for the second request as soon as its review for the first request is complete, and the parties will meet and confer regarding the production schedule for the second request in advance of the next Joint Status Report.

An *Open America* stay is currently unlikely in this matter, although the parties do not yet know whether a *Vaughn* Index will be required.  Given that DOJ's responses are forthcoming,

DOJ believes it is premature to set a briefing schedule for dispositive motions. Based on the representations by the DOJ, Plaintiff may be amenable to setting a briefing schedule after the next joint status report.

The parties propose to submit a further Joint Status Report on April 14, 2020, and every 60 days thereafter, to apprise the Court regarding the status of OIP's responses to Plaintiff's requests.

Dated:  February 14, 2020                     Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Murad Hussain
　　　　　　　　　　　　　　　　　　　　　　Arnold & Porter Kaye Scholer LLP
　　　　　　　　　　　　　　　　　　　　　　Murad Hussain (D.C. Bar No. 999278)
　　　　　　　　　　　　　　　　　　　　　　David McMullen, PhD (D.C. Bar No. 1600382)
　　　　　　　　　　　　　　　　　　　　　　601 Massachusetts Ave., N.W.
　　　　　　　　　　　　　　　　　　　　　　Washington, D.C.  20001-3743
　　　　　　　　　　　　　　　　　　　　　　Telephone:  (202) 942-5000
　　　　　　　　　　　　　　　　　　　　　　Murad.Hussain@arnoldporter.com
　　　　　　　　　　　　　　　　　　　　　　David.McMullen@arnoldporter.com

　　　　　　　　　　　　　　　　　　　　　　Alexander Shaknes
　　　　　　　　　　　　　　　　　　　　　　Jesse M. Feitel
　　　　　　　　　　　　　　　　　　　　　　250 West 55th Street
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10019-9710
　　　　　　　　　　　　　　　　　　　　　　Tel: (212) 836-8000
　　　　　　　　　　　　　　　　　　　　　　Alexander.Shaknes@arnoldporter.com
　　　　　　　　　　　　　　　　　　　　　　Jesse.Feitel@arnoldporter.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　TIMOTHY J. SHEA, D.C. Bar #437437
　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　DANIEL F. VAN HORN, D.C. Bar #924092
　　　　　　　　　　　　　　　　　　　　　　Chief, Civil Division

　　　　　　　　　　　　　　　　　　　　　　By:      /s/ *Paul Cirino*
　　　　　　　　　　　　　　　　　　　　　　PAUL CIRINO
　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　　　Civil Division
　　　　　　　　　　　　　　　　　　　　　　U.S. Attorney's Office, District of Columbia

555 4th Street, N.W.
Washington, D.C.  20530
Telephone: (202) 252-2529
paul.cirino@usdoj.gov

*Counsel for Defendant*