UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EVERYTOWN FOR GUN SAFETY SUPPORT FUND, ) ) ) ) Plaintiff, ) ) v. ) ) UNITED STATES DEPARTMENT ) OF JUSTICE, ) ) Defendant. ) ) | Civil Action No. 19-3103 (CKK) |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order of February 18, 2020, Plaintiff Everytown for Gun Safety Support Fund and Defendant United States Department of Justice ("DOJ") respectfully submit this Joint Status Report in this Freedom of Information Act ("FOIA") case.

This case involves Plaintiff's two April 2018 FOIA requests to DOJ's Office of Information Policy ("OIP"), the DOJ component that handles the FOIA administration for the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Legislative Affairs, Legal Policy, and Public Affairs. The first request seeks records pertaining to communications and meetings between the Executive Branch and the National Rifle Association, the National Rifle Association Institute for Legislative Action, or the National Shooting Sports Foundation. The second request, which contains three parts, seeks records pertaining to certain gun violence reduction initiatives launched in 2015 and 2016, and related communications between DOJ officials and specified gun lobby organizations and gun industry members. *See* ECF No. 1, Exs. A & C.

The parties previously reported, in the April 14 and June 15, 2020 Joint Status Reports, ECF Nos. 13 and 14, that Defendant provided Plaintiff an interim response to the first request by letter dated March 31, 2020.  Subsequently, on April 14, 2020, Defendant provided a final response to the first request, releasing in part an additional six pages, with excisions made pursuant to FOIA Exemptions 5 and 6, 5 U.S.C. 552(b)(5) and (b)(6).  Defendant also advised Plaintiff that it had withheld in full eight pages pursuant to Exemption 5.  Additionally, on June 12, 2020, Defendant provided Plaintiff with a first interim response to the second request, releasing in part twenty-six pages responsive to Part 2 of the request, with an excision made pursuant to FOIA Exemption 6.  Defendant additionally withheld in full seven pages pursuant to FOIA Exemption 5.  In the June 12, 2020 response, Defendant advised Plaintiff that no records responsive to Part 3 of the second request had been located.  On August 12, 2020, Defendant provided a second interim response to the second request, releasing in full twelve pages responsive to Part 2 of the second request.  Defendant additionally withheld in full six pages pursuant to FOIA Exemption 5.

In the August 14, 2020 Joint Status Report, ECF No. 15, Defendant advised that it completed its initial responsiveness review and deduplication of the initial electronic search results as it related to records potentially responsive to Part 2 of the second request, and that material was extracted from Defendant's eDiscovery Program for review and processing. Defendant endeavored to provide a third interim response as it relates to the second request on or before October 9, 2020.  However, while Defendant has now completed the processing of the material that was extracted, that material still requires consultation with other governmental equities holders prior to production.  Defendant will produce any non-exempt responsive

material once the consultation process is complete, which it anticipates will occur prior to the next scheduled Joint Status Report in this case.

Additionally, Defendant previously advised that it would attempt to identify from its initial search results records potentially responsive to Part 1 of the second request, and, once complete, would similarly extract for review and processing any potentially responsive records located.  Since the last Joint Status Report, Defendant has used secondary search terms to identify material initially found to be responsive to Part 1 of the second request, and has extracted that material from its eDiscovery Program.  Defendant's review and processing of that material is nearly complete, and it will soon also send this material out to other governmental equities holders for consultation.  As it relates to this material, Defendant will also produce any non-exempt responsive material once the consultation process is complete, which it anticipates will occur prior to the next scheduled Joint Status Report in this case.

Plaintiff continues to reserve all rights concerning the sufficiency of all of Defendant's responses to Plaintiff's first and second requests. On August 13, 2020, Plaintiff requested that Defendant provide a Vaughn Index for the documents that Defendant has or will withhold in their entirety (or in substantial part via redaction), so that Plaintiff can better assess these withholdings.

Pursuant to the Court's February 18, 2020, Minute Order, the parties will submit a further Joint Status Report on December 14, 2020, and every 60 days thereafter, to apprise the Court regarding the status of OIP's responses to Plaintiff's requests.

Dated:  October 14, 2020              Respectfully submitted,

                                       /s/ Murad Hussain
                                      Arnold & Porter Kaye Scholer LLP
                                      Murad Hussain (D.C. Bar No. 999278)
                                      David McMullen, PhD (D.C. Bar No. 1600382)

601 Massachusetts Ave., N.W.
Washington, D.C. 20001-3743
Telephone: (202) 942-5000
Murad.Hussain@arnoldporter.com
David.McMullen@arnoldporter.com

Alexander Shaknes
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-8000
Alexander.Shaknes@arnoldporter.com
Jesse.Feitel@arnoldporter.com

*Counsel for Plaintiff*

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: ___/s/ *Paul Cirino*___
PAUL CIRINO
Assistant United States Attorney
Civil Division
U.S. Attorney's Office, District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-2529
paul.cirino@usdoj.gov

*Counsel for Defendant*