UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EVERYTOWN FOR GUN SAFETY SUPPORT FUND, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 19-3103 (CKK) |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order of February 18, 2020, Plaintiff Everytown for Gun Safety Support Fund and Defendant United States Department of Justice ("DOJ") respectfully submit this Joint Status Report in this Freedom of Information Act ("FOIA") case.

This case involves Plaintiff's two April 2018 FOIA requests to DOJ's Office of Information Policy ("OIP"), the DOJ component that handles the FOIA administration for the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Legislative Affairs, Legal Policy, and Public Affairs. The first request seeks records pertaining to communications and meetings between the Executive Branch and the National Rifle Association, the National Rifle Association Institute for Legislative Action, or the National Shooting Sports Foundation. The second request, which contains three parts, seeks records pertaining to certain gun violence reduction initiatives launched in 2015 and 2016, and related communications between DOJ officials and specified gun lobby organizations and gun industry members. *See* ECF No. 1, Exs. A & C.

The parties previously reported, in the April 14 and June 15, 2020 Joint Status Reports, ECF Nos. 13 and 14, that Defendant provided Plaintiff an interim response to the first request by letter dated March 31, 2020.  Subsequently, on April 14, 2020, Defendant provided a final response to the first request, releasing in part an additional six pages, with excisions made pursuant to FOIA Exemptions 5 and 6, 5 U.S.C. §§ 552(b)(5) and (b)(6).  Defendant also advised Plaintiff that it had withheld in full eight pages pursuant to Exemption 5.  Additionally, on June 12, 2020, Defendant provided Plaintiff with a first interim response to the second request, releasing in part twenty-six pages responsive to Part 2 of the request, with an excision made pursuant to FOIA Exemption 6.  Defendant additionally withheld in full seven pages pursuant to FOIA Exemption 5.  In the June 12, 2020 response, Defendant advised Plaintiff that no records responsive to Part 3 of the second request had been located.  On August 12, 2020, Defendant provided a second interim response to the second request, releasing in full twelve pages responsive to Part 2 of the second request.  Defendant additionally withheld in full six pages pursuant to FOIA Exemption 5.

In the August 14 and October 14, 2020 Joint Status Reports, ECF Nos. 15 and 16, Defendant advised that it completed the initial processing of the material extracted from its eDiscovery Program initially found to be responsive to Part 2 of the second request, but that such material still required consultation with other governmental equities holders prior to production.  Defendant additionally advised that after using secondary search terms to identify material initially found to be responsive to Part 1 of the second request, it had extracted that material from its eDiscovery Program, and was working to complete the processing of that material to send it to other governmental equity holders for consultation.  For both sets of material referenced,

2

Defendant noted that it would produce any non-exempt responsive material once the consultation process was complete, which it anticipated would occur prior to December 14, 2020.

In the December 14, 2020 Joint Status Report, ECF No. 17, Defendant advised that it completed the processing of the material initially found to be responsive to Part 1 of the second request, and continued to work with equity holders to complete the consultation process as to all materials sent out on consultation. Defendant anticipated that it would provide an interim response on that day as to a majority of the material it located, processed, and sent out for consultation, or if unable to provide a response on that day, it would endeavor to provide an interim response to Plaintiff by the end of that week. Defendant also advised that while it anticipated that it would provide a response as to a majority of the material on that day (or by the end of that week), there remained some material for which the consultation process was ongoing, and Defendant would produce such material when the consultation process was complete - which it anticipated would occur prior to this Joint Status Report.

By letter dated December 17, 2020, Defendant provided Plaintiff an interim response to the second request, releasing in part 134 pages, with excisions made pursuant to FOIA Exemptions 5 and 6, 5 U.S.C. §§ 552(b)(5) and (b)(6). Defendant also advised Plaintiff that it had withheld in full 387 pages pursuant to FOIA Exemption 5. As to the remaining material for which Defendant previously advised that the consultation process was ongoing, that process is still ongoing, but Defendant anticipates that it will provide Plaintiff a final response soon. Once that final response is provided, Defendant will have completed its responses to Plaintiff's FOIA requests.

Plaintiff continues to reserve all rights concerning the sufficiency of all of Defendant's responses to Plaintiff's first and second requests. On August 13, 2020, Plaintiff requested that

Defendant provide a *Vaughn* Index for the documents that Defendant has or will withhold in their entirety (or in substantial part via redaction), so that Plaintiff can better assess these withholdings. Once Plaintiff has had an opportunity to review Defendant's most recent production(s), to include the soon forthcoming final response, the parties will meet and confer regarding, *inter alia*, Plaintiff's request for a *Vaughn* Index, as well as any other outstanding issues, in an attempt to determine if any issues remain in this case, and, if so, to narrow possible issues to be briefed.

Pursuant to the Court's February 18, 2020, Minute Order, the parties will submit a further Joint Status Report on April 16, 2021, and every 60 days thereafter, to apprise the Court regarding the status of OIP's responses to Plaintiff's requests.

Dated: February 12, 2021            Respectfully submitted,

                                         /s/ Murad Hussain
                                Arnold & Porter Kaye Scholer LLP
                                Murad Hussain (D.C. Bar No. 999278)
                                David McMullen, PhD (D.C. Bar No. 1600382)
                                601 Massachusetts Ave., N.W.
                                Washington, D.C. 20001-3743
                                Telephone: (202) 942-5000
                                Murad.Hussain@arnoldporter.com
                                David.McMullen@arnoldporter.com

                                Alexander Shaknes
                                250 West 55th Street
                                New York, NY 10019-9710
                                Tel: (212) 836-8000
                                Alexander.Shaknes@arnoldporter.com
                                Jesse.Feitel@arnoldporter.com

                                *Counsel for Plaintiff*

                                MICHAEL R. SHERWIN
                                Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:   /s/ *Paul Cirino*
PAUL CIRINO, D.C. Bar # 1684555
Assistant United States Attorney
Civil Division
U.S. Attorney's Office, District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-2529
paul.cirino@usdoj.gov

*Counsel for Defendant*